I concur in Mr. Chief Justice SHARPE'S opinion. In so doing and in order to avoid any misunderstanding, I believe attention should be called to the decision in the trial court wherein the judge stated:
"The court is of the opinion that this in no wise detracts from the judicial determination at which the court arrived on the 27th of August. At that time no petition for probate of any other will had been made to the probate court and the only evidence before this court as to any other will indicated that the so-called Salvation Army will had been destroyed. It was certainly not incumbent on this court to defer its determination of the issue then before it to await a possible presentation to the probate court at an undetermined future time of a suspected will which, if ever executed, was according to the showing before this court thereafter destroyed. The court therefore feels impelled to deny the motion now before it to either amend or suspend the order of August 27th in the will contest case, but the court nevertheless recognizes the right of the Salvation Army through its counsel, to offer for probate any other will which can be proved, and nothing in this opinion is to be interpreted as limiting or impinging upon that right."
In the final order denying the motion of the Salvation Army to stay entry of judgment or to arrest, recall or stay any judgment theretofore entered by the circuit court and to stay certification to the Wayne *Page 277 
county probate court of the last will and testament of the deceased, dated November 1, 1941, as amended by the compromise and agreement pursuant to the decree of the court in chancery and which order was appealed from. The court specifically stated:
"And, therefore, it is ordered that the motion of the Salvation Army, a Michigan corporation, be and it hereby is denied in its entirety; without prejudice, however to any rights which the Salvation Army, a Michigan corporation, may have to present its petition for probate of an alleged lost, destroyed or concealed will bearing later date than the last will and testament of said deceased date November 1, 1946, in the Wayne county probate court."
The dismissal of the appeal in no way changes this provision of the order.
BUSHNELL, REID, and NORTH, JJ., concurred with BUTZEL, J. *Page 278